**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Cassandra WATSON, Defendant–Appellant.**

No. 06–10613.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 14, 2007.

Filed July 31, 2007.

Roger W. Dokken, Esq., Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

Gerald A. Williams, AFPD, Federal Public Defender's Office, Phoenix, AZ, for Defendant–Appellant.

Before: SCHROEDER, Chief Circuit Judge, CANBY and McKEOWN, Circuit Judges.

MEMORANDUM *

Cassandra Watson appeals from her jury conviction and sentence for assault resulting in serious bodily injury, in violation of 18 U.S.C. §§ 1153 and 113(a)(6). The only issue raised on appeal is whether Watson was entitled to a jury instruction on the lesser-included offense of striking, beating, or wounding, in violation of 18 U.S.C. § 113(a)(4). The expert medical

* This disposition is not appropriate for publication and is not precedent except as provided

and lay testimony at trial, without contradiction, was that the victim suffered serious bodily injury, that is, that the injury inflicted posed a "substantial risk of death" or caused "protracted loss or impairment of the functions of a bodily member." 18 U.S.C. § 1365(h)(3) (providing definition of "serious bodily injury" as used in § 113(a)(6)). Based on the evidence, the district court correctly concluded that a rational jury could have acquitted on the greater offense but convicted on the lesser. *See United States v. Fejes,* 232 F.3d 696 (9th Cir.2000) (refusing lesser-included offense instruction on misdemeanor violations of Lacey Act). The district court did not abuse its discretion in refusing to instruct on the lesser-included offense. *See United States v. Arnt,* 474 F.3d 1159, 1163 (9th Cir.2007).

AFFIRMED.